# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

JOHN C. PARTIN,

        Plaintiff,

v.                                     Case No. 16-CV-647-JED-FHM

MARMIC FIRE & SAFETY CO., INC.,
JOPLIN FIRE PROTECTION CO.,

        Defendants.

## OPINION AND ORDER

**I.    Background**

The Oklahoma Pleading Code expressly specifies the manner in which plaintiffs are to state their damage demands when they file petitions in state court. In relevant part, the statute provides:

> Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, except in actions sounding in contract. Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.

*Okla. Stat.* tit. 12, § 2008(A)(2). Some plaintiff's lawyers, seeking to avoid federal court, routinely ignore or disobey the plain language of the statute, refuse to respond to proper discovery requests regarding the plaintiff's damage demand, and/or refuse to comply with state court orders compelling them to state whether or not the damages sought meet the amount in controversy for diversity jurisdiction. This Court and many others have disapproved of such tactics, noting that

they amount to "gamesmanship." *See, e.g., Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073 (N.D. Okla. Feb. 13, 2015) and cases cited therein.

This is another of those cases, as will be demonstrated by a summary of the procedural gymnastics which were required to determine whether the plaintiff, John C. Partin, seeks damages in an amount less than or more than the amount required for diversity jurisdiction. Partin initiated this wrongful termination action on May 11, 2015 in Tulsa County District Court. Contrary to the plain language of *Okla. Stat.* tit. 12, § 2008(A)(2), Partin's original Petition demanded actual damages in excess of $10,000 and punitive damages in excess of $10,000. (Doc. 2-1 at 13, 14). Because Partin's pleading did not include a request for damages in the manner required by § 2008(A)(2), defendant Marmic Fire & Safety Co., Inc. (Marmic) moved on June 8, 2015 for an order requiring Partin to clarify damages in accordance with *Okla. Stat*. tit. 12, § 2009(H). (Doc. 2-1 at 18). That statute provides that, after a defendant files a motion to clarify damages, the plaintiff is required "to show by a preponderance of the evidence that the amount of damages, if awarded, will not exceed the amount required for diversity." *Okla. Stat.* tit. 12, § 2009(H). If the state court then "finds that any damages awarded are more likely than not to exceed the amount of damages required for diversity jurisdiction, the plaintiff shall amend his or her pleadings in conformance with [§ 2008(A)(2)]." *Okla. Stat.* tit. 12, § 2008(A)(2).

On June 11, 2015, Partin responded to defendant's Motion to Clarify by (1) asserting that "this is not a diversity case since Defendant does business in Oklahoma," (2) arguing that the requirements of §§ 2008(A)(2) and 2009(H) are ambiguous because of recent changes to the statutes, and (3) claiming that damages cannot be completely ascertained because emotional damages are incalculable and to be determined by a jury. (Doc. 2-1 at 22-25). When Marmic served discovery requesting that Partin identify whether he seeks damages in excess of $75,000,

2

Partin objected that the inquiry was "[o]utside the bounds of proper discovery" and that "this is not a diversity case since the Defendant does business in Oklahoma." (Doc. 2-1 at 42). Marmic subsequently moved to compel Partin to respond to the discovery request about damages, and Partin responded, reiterating the same arguments. (Doc. 2-1 at 67-68). The state court granted the Motion to Compel and instructed Partin "to amend his pleading to identify the amount of damages in accordance with" *Okla. Stat.* tit. 12, § 2008(A)(2) by November 15, 2015. (Doc. 2-1 at 119). On October 1, Partin's counsel sent defendant's counsel a letter arguing that a specific dollar amount can only be specified by a jury. (Doc. 2-1 at 133). The letter did not mention damages in relation to $75,000 or the diversity statute, 28 U.S.C. § 1332. (*See id.*).

Partin's First Amended Petition, filed on December 15, 2015, again demanded in excess of $10,000 for actual damages and in excess of $10,000 for punitive damages, and requested "back pay for all lost wages, benefits, front pay in lieu of reinstatement, compensatory and consequential damages, [and] punitive damages." (Doc. 2-1 at 164-166). The defendants again moved to clarify damages on January 5, 2016. (Doc. 2-1 at 167). Partin responded with the same positions he previously argued. On February 22, 2016 the state court granted the defendants' second motion to clarify damages and ordered Partin "to file a Second Amended Petition with basic language to establish damages under" *Okla. Stat*. tit. 12, § 2008(A)(2). (Doc. 3 at 44).

Partin's Second Amended Petition was filed on February 26, 2016. That pleading indicated that Partin sought actual damages in excess of $10,000 for alleged lost wages between $26,000 and $28,000 "annually." (Doc. 3 at 50). Partin also demanded a "company vehicle," "non-specific out-of-pocket losses, good name, reputation, and emotional distress to be determined by a jury in accord with Oklahoma statutes and law," punitive damages in excess of $10,000, "benefits, front pay in lieu of reinstatement, [and] compensatory and consequential damages." (*Id.* at 48, 49, 50).

On May 3, 2016, defendants filed a Renewed Motion to Require Plaintiff to Identify Damages. (Doc. 3 at 93). Partin responded on May 18, asserting that: defendants' motions to clarify were frivolous; diverse citizenship was absent; and exact damages were incalculable. (Doc. 3 at 97, 98).

On June 22, 2016, defendants filed another Motion to Clarify Damages and Request for Evidentiary Hearing. (Doc. 3 at 101). The same day, the state court gave Partin 20 days to establish "whether an award in favor of the Plaintiff will not exceed the amount required for diversity jurisdiction." (*Id.* at 105). Plaintiff thereafter responded that any attempt to put a dollar amount on the emotional distress would be pure speculation. There was no indication whether total damages sought would or would not exceed $75,000. (Doc. 3 at 111-115).

On August 1, 2016, the state court granted defendants' Renewed Motion to Require Plaintiff to Identify Damages. The state court entered an order stating, "In this case, Plaintiff failed to present any evidence to overcome the presumption [that damages exceed $75,000]. The Motion is granted and plaintiff is ordered to file a Second Amended Petition stating damages are in excess of $75,000.00 within 10 days." (Doc. 3 at 146).

Partin did not comply with the August 1, 2016 order to amend by August 15, 2016, but instead filed an Application to Assume Original Jurisdiction and Petition for Writ of Prohibition (Application) in the Oklahoma Supreme Court. (Doc. 3 at 160).[1] Partin expressly requested that the Oklahoma Supreme Court issue an order "prohibiting the district court from enforcing its Order, filed August 1, 2016 and requiring its vacation." (*Id.* at 161). Partin then moved to stay the order "pending resolution of [Partin's] application on writ of prohibition." (*Id.* at 148-149).

---

[1] Under Oklahoma law, when the time permitted by an order is less than eleven days, intermediate holidays and weekends are excluded from the computation. *Okla. Stat.* tit. 12, § 2006(A). Thus, the August 1, 2016 order required that Partin file his amended pleading by August 15, 2016.

4

In support of his request to stay the order, Partin represented that "no party is prejudiced by such a stay." (*Id.*).

On September 26, 2017, the Oklahoma Supreme Court denied Partin's Application and declined to assume original jurisdiction. (Doc. 3 at 194). On October 12, 2016, Partin finally filed his Third Amended Petition, stating that "Plaintiff prays for actual damages in an amount . . . in excess of . . . $75,000.00" and "punitive damages in excess of . . . $10,000.00." (Doc. 3 at 157). Defendants filed their Notice of Removal on October 19, 2016, within 30 days of both (1) the Oklahoma Supreme Court's denial of Partin's Application and (2) Partin's filing of the Third Amended Petition which, for the first time, demanded damages in excess of $75,000. (Doc. 2).

Partin moves to remand and argues that removal is improper because 1) the Notice of Removal was filed more than thirty (30) days after the state court's August 1 order, and 2) the defendants have not presented the requisite factual evidence to establish that the amount in controversy exceeds $75,000. (Doc. 10).

## II. Discussion

### A. There is complete diversity in this case.

While Partin asserted a lack of diversity in his state court filings based upon his bare contention that the defendants do "business in Oklahoma" (*see* Doc 2-1 at 177), he has not challenged the presence of diversity of citizenship in this Court. In any event, diversity of citizenship has been established. It is undisputed that Partin is a citizen of Oklahoma. In their Notice of Removal, the defendants averred that they are corporations incorporated under the laws of Missouri and their principal places of business are in Missouri. (Doc. 2 at 1). Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." Applying that

definition, the defendants' allegations establish that each is a citizen of Missouri, such that diversity exists. (*See* Doc. 2).

### B.     Defendants timely removed this action.

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Partin argues that defendants' October 19, 2016 Notice of Removal was not timely because it was filed more than thirty days after the state court's August 1, 2016 order for Partin to file an amended pleading setting forth damages in an amount sufficient for diversity jurisdiction. For the thirty-day period to commence, a defendant must have clear and unequivocal notice that a case is removable. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).

Defendants argue that the state court's order could not constitute clear and unequivocal notice on the procedural history in this case. Under the unique circumstances presented here, the Court agrees. Partin's sole argument for untimeliness is that the defendants should have known the amount in controversy exceeded $75,000 from the entry of the August 1 order. Yet, defendants diligently attempted – in numerous filings over several months – to determine whether the requisite amount in controversy existed, and Partin refused, time and time again, to provide that information. While Partin now contends that the 30-day removal clock commenced with the entry of the state court's August 1, 2016 order, Partin (1) did not timely comply with that order, which required the filing of the amended petition "within 10 days" of the August 1 order, or by August 15, 2016 pursuant to *Okla. Stat.* tit. 12, § 2006(A), (2) asked that the order be stayed, and (3) requested that the Oklahoma Supreme Court issue a writ of prohibition vacating the August 1 order and

6

"prohibiting the [state] court from enforcing" that order. (Doc. 3 at 161). The Court declines Partin's invitation to conclude that an order – which Partin sought to stay and requested the Oklahoma Supreme Court to vacate and the validity of which Partin disputed – provided the defendants clear and unequivocal notice of the amount in controversy such that the thirty-day removal clock started upon its entry.

Under these specific facts, the Court finds that the defendants did not have clear and unequivocal notice of the amount in controversy until the filing of Partin's Third Amended Petition on October 12, 2016. Had Partin complied with the August 1 order by filing the amended petition two months earlier – by August 15, 2016 – the defendants would have had their clear and unequivocal notice of Partin's damages demand in excess of $75,000. But Partin did not file until October 12, and that is the date that the 30-day removal clock started in this case. In the alternative, given that Partin was challenging the validity of the August 1 order and sought its vacation, the earliest that defendants could be deemed to have notice that the order may be enforced was September 26, 2016, when the Oklahoma Supreme Court declined to assume original jurisdiction.[2]

---

[2] Section 1446(c)(1) provides that "[a] case may not be removed . . . on the basis of [diversity] jurisdiction more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Although the defendants removed this action more than one year after the commencement of the action in state court, Partin's Motion to Remand is premised only upon the 30-day removal clock. In the Notice of Removal, defendants acknowledged that they were filing more than one year after commencement, but they recounted the extensive history of Partin's deliberate refusal to comply with the Oklahoma pleading statute, to respond to discovery, and to comply with the state court's orders regarding damages pleading. (*See* Doc. 2 at 2-4). Based upon that history and Partin's failure to raise the one-year limit in his remand motion, the Court finds that the exception to the one-year time limit in § 1446(c)(1) has been satisfied, and this action was timely removed.

### C. Defendants satisfied the amount in controversy requirement for removal.

The Third Amended Petition "prays for" damages in excess of $75,000, but Partin argues that the prayer should not be considered because it was based on the state court's August 1 order. However, despite the numerous proceedings in the state courts regarding the amount of damages sought in this case, Partin has never claimed that he seeks damages *less than* the amount in controversy. His several petitions in state court quantified only one category of damages – alleged lost wages – but also demanded numerous other types of actual damages, as well as reinstatement and punitive damages.

Citing cases decided over 20 years ago in this Circuit, plaintiff further argues that defendants have the burden of establishing that the amount in controversy is over $75,000 and must present evidence to support the amount. (Doc. 10 at 5; Doc. 16 at 2). One of the cases cited – *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995) – was abrogated by the Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135 S. Ct. 547 (2014). The other cases cited by Partin were likewise dependent upon the now-abrogated legal principles announced in *Laughlin*. The Supreme Court in *Dart Cherokee* held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and the defendant is *not* required to provide evidence unless the plaintiff contests the allegation. *Id.* at 553-54. Here, the operable version of Partin's pleading expressly "prays for" damages in an amount that satisfies the requisite amount in controversy. In addition, while Partin attempts to place the burden on the defendants to prove that the requisite amount in controversy is at issue, Partin has never indicated that he seeks less than the amount in controversy. That is so, despite the defendants' *numerous* motions and requests to determine whether or not Partin is seeking damages in an amount less than, or more than, $75,000.

After the filing of the original Motion to Remand, Partin filed a supplement with an Offer of Judgment the defendants submitted to Partin's counsel on May 18, 2017. (*See* Doc. 13). However, Fed. R. Civ. P. 68(b) provides that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." The instant motion has nothing to do with costs. Moreover, the determination of the amount in controversy is determined as of the time of removal. *See* C. Wright, *Fed. Pract. & Proc.* (Jurisdiction) § 3702.4 (4th ed.) ("the existence or nonexistence of the amount in controversy required for subject matter jurisdiction purposes is determined on the basis of the facts and circumstances as of the time that an action . . . arrives there from a state court by way of removal"). Accordingly, the Court will not consider that Offer of Judgment.

In his second supplement, Partin argues that deposition testimony of a witness for the defendants establishes that the requisite amount in controversy is absent. (*See* Doc. 16). The deposition indicates that the witness was not aware of the amounts paid to Partin and he disputed that Partin is owed the damages he prayed for in his Third Amended Petition. That testimony does not impact the amount in controversy. Of course, in nearly every diversity case that is removed to federal court, the defendants dispute both liability and that *any* damages are owed. There is no requirement that a defendant admit liability and assert that it owes damages in excess of $75,000 in order to remove an action to federal court. Partin's argument to the contrary is inconsistent with the definition of amount in controversy. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

### D.     Sanctions will be considered for any future gamesmanship

The same law firm that represents Partin in this case has been the subject of prior orders in this District regarding pleading, and answering discovery about, damages. *See, e.g., Aulestia v.*

9

*Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073 (N.D. Okla. Feb. 13, 2015); *McCrary v. Country Mut. Ins. Co.*, 13-CV-507-JED-PJC, 2013 WL 5973801 (N.D. Okla. Nov. 11, 2013); *Torres v. Cintas Corp.*, No. 08-CV-185-CVE-PJC, 2008 WL 2510133 (N.D. Okla. June 19, 2008). Those cases make clear this Court's position that it is inappropriate to respond to discovery requests about damages with contentions that such discovery is "not proper." *See, e.g., McCrary*, 2013 WL 5973801 at *4. Yet, that is essentially what plaintiff's counsel did in response to discovery and state court orders in this case. The Court in *Aulestia* also rejected the plaintiff's law firm's argument that the damages pleading provisions of the Oklahoma Statutes were inapplicable, where those statutes were separately reenacted effective September 10, 2013, and they have been effective since that time. *See Aulestia*, 2015 WL 632073 at *2, fn.2. The Court also noted in that case that "[a]nother federal district judge in Oklahoma [had] noted that a continuing failure by counsel to comply with the damages pleading requirement of *Okla. Stat.* tit. 12, § 2008 'might be viewed as an improper attempt to avoid federal jurisdiction which would warrant disciplinary action.'" *Id.* (quoting *Trosper v. Travelers Indemnity Co. of Conn.,* CIV–14–1088–HE, 2014 WL 6687283, *2, n. 3 (W.D.Okla. Nov. 26, 2014)).

Defendants have not sought sanctions in this Court in connection with the damages pleading and remand issues, and the Court will not sua sponte award such sanctions at this time.[3] However, the Court expects that plaintiff's counsel will not continue to (1) file motions to remand in this Court after they repeatedly and unjustifiably refuse to comply with Oklahoma damages pleading requirements, (2) ignore current legal standards applicable to any future motions to remand (e.g. *Dart Cherokee*) and (3) advance untenable legal arguments, such as citing case

---

[3] Defendants have moved for sanctions based upon Partin's filing of an offer of judgment as an exhibit to one of his supplemental remand filings. (*See* Doc. 15). A separate order will be entered on that motion for sanctions.

authority that is clearly no longer good law (e.g. *Laughlin*) or advocating a position that the Oklahoma pleading statute is not effective, when it is and has been effective for almost four years now. Such continuing conduct may result in a hearing to entertain the imposition of sanctions.

### III. Conclusion

There is diversity in this case, and the requisite amount in controversy has been established. The defendants' Notice of Removal was timely. The Motion to Remand (Doc. 10) and Partin's supplemental motion (Doc. 16) are **denied**.

SO ORDERED this 10th day of July, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE